AO 243 (Rev. 09/17)

# Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

   **Clerk, United States District Court for**
   **Address**
   **City, State  Zip Code**

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Eastern District of Kentucky |
|---|---|---|
| Name *(under which you were convicted)*: <br> Maurice A. Taylor | | Docket or Case No.: <br> 5:21-cr-00101-DCR-MAS-01 |
| Place of Confinement: <br> FCI Gilmer; P.O. Box 6000, Glenville, WV 26351 | Prisoner No.: <br> 61198-509 | |
| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* | |
| V. | MAURICE A. TAYLOR | |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   U.S. District Court for the Eastern Distict of Kentucky

   (b) Criminal docket or case number (if you know): 5:21-cr-00101-DCR-MAS-01

2. (a) Date of the judgment of conviction (if you know): 1/13/2023

   (b) Date of sentencing: 1/12/2023

3. Length of sentence: 385 months of incarceration plus five years supervised release

4. Nature of crime (all counts):

   Second superceding indictment Count One, conspiracy to distribute five kilograms or more of cocaine and more than 400 grams of fentanyl, inviolation of 21 U.S.C. § 846; second superceding indictment Count Seven: possession with intent to distribute 500 grams or more of cocaine, in violation of 18 U.S.C. § 841(b)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐    (2) Guilty ☑    (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

AO 243 (Rev. 09/17)

8.  Did you appeal from the judgment of conviction?        Yes ✓        No ☐

9.  If you did appeal, answer the following:

(a)  Name of court:  U.S. Court of Appeals for the Sixth Circuit

(b)  Docket or case number (if you know):  23-5064

(c)  Result:  affirmed

(d)  Date of result (if you know):  10/25/2023

(e)  Citation to the case (if you know):  United States v. Taylor, 85 F.4th 386 (6th Cir. 2023)

(f)  Grounds raised:

Appellate counsel argued that the district court erred in applying three sentencing enhancements: maintaining a drug premises, being a leader/organizer, and using force, friendship or affection to involve another in a conspiracy.

(g)  Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐        No ✓

If "Yes," answer the following:

(1)  Docket or case number (if you know): _____

(2)  Result: _____

(3)  Date of result (if you know): _____

(4)  Citation to the case (if you know): _____

(5)  Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
Yes ☐    No ✓

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1)  Name of court: _____

(2)  Docket or case number (if you know): _____

(3)  Date of filing (if you know): _____

AO 243 (Rev. 09/17)

    (4)   Nature of the proceeding: _____

    (5)   Grounds raised:

_____

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐       No ☐

    (7)   Result: _____

    (8)   Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

    (1)   Name of court: _____

    (2)   Docket of case number (if you know): _____

    (3)   Date of filing (if you know): _____

    (4)   Nature of the proceeding: _____

    (5)   Grounds raised:

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐       No ☐

    (7)   Result: _____

    (8)   Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)   First petition:     Yes ☐     No ☐

    (2)   Second petition:  Yes ☐     No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Mr. Taylor was Denied the Effective Assistance of Counsel, as Counsel Knew Mr. Taylor Wanted to Seek Expungement of Prior Convictions and, if Successful, [cont.]

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

to Seek a Reduced Sentence, but Failed to Advise Mr. Taylor to Act More Quickly to Obtain the Orders of Expungement before Sentencing and Not to Rely on a Proceeding under 28 U.S.C. § 2255.

Counsel knew Mr. Taylor's plan was to plead guilty, be sentenced, seek expungement orders for prior convictions, and then return to the district court and seek a reduced sentence based on those orders of expungement and U.S. Supreme Court case law including Johnson, Custis and Daniels. In fact, counsel helped Mr. Taylor develop this plan. But counsel did not advise Mr. Taylor of any legal consequences of the collateral attack waiver in the plea agreement, did not even advise Mr. Taylor of the existence of the collateral waiver, did not advise Mr. Taylor to act any earlier, did not advise Mr. Taylor of the alternative option of entering an open plea to avoid signing the collateral waiver, and led Mr. Taylor to believe he would have no hurdles by signing the plea agreement, filing expungement proceedings, and then returning to the district court seeking a reduced sentence.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

This is an ineffective assistance of counsel claim that did not need to be raised on appeal to preserve it.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

AO 243 (Rev. 09/17)

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):  _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**  Mr. Taylor was Denied the Constitutional Right to the Effective Assistance of Counsel when His Prior Counsel's Statements, Advice, and Lack of Advice Led [cont.]

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Mr. Taylor to Enter the Collateral Attack Waiver Unknowingly, Unintelligently, or Involuntarily, and without Understanding the full Nature and Consequences of the Waiver and the Rights he was Waiving.

The collateral attack waiver is invalid as a result of the ineffectiveness of counsel. Counsel knew Mr. Taylor's plan was to plead guilty, be sentenced, seek expungement orders for prior convictions, and then return to the district court and seek a reduced sentence based on those orders of expungement and U.S. Supreme Court case law including Johnson, Custis and Daniels. In fact, counsel helped Mr. Taylor develop this plan. But counsel did not advise Mr. Taylor of any legal consequences of the collateral attack waiver in the plea agreement, did not even advise Mr. Taylor of the existence of the collateral waiver, did not advise Mr. Taylor to act any earlier, did not advise Mr. Taylor of the alternative option of entering an open plea to avoid signing the collateral waiver, and led Mr. Taylor to believe he would have no hurdles by signing the plea agreement, filing expungement proceedings, and then returning to the district court seeking a reduced sentence.

(b)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☑

Page 6 of 13

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:

This is an ineffective assistance of counsel claim that did not need to be raised on appeal to preserve it.

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** Mr. Taylor was Denied the Constitutional Right to the Effective Assistance of Counsel when His Prior Counsel's Statements, Advice, and Lack of Advice Led [cont.]

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Taylor to Enter a Plea Agreement with a Collateral Attack Waiver Rather then an Open Plea.

Counsel knew Mr. Taylor's plan was to plead guilty, be sentenced, seek expungement orders for prior convictions, and then return to the district court and seek a reduced sentence based on those orders of expungement and U.S. Supreme Court case law including Johnson, Custis and Daniels. In fact, counsel helped Mr. Taylor develop this plan. But counsel did not advise Mr. Taylor of any legal consequences of the collateral attack waiver in the plea agreement, did not even advise Mr. Taylor of the existence of the collateral waiver, did not advise Mr. Taylor to act any earlier, did not advise Mr. Taylor of the alternative option of entering an open plea to avoid signing the collateral waiver, and led Mr. Taylor to believe he would have no hurdles by signing the plea agreement, filing expungement proceedings, and then returning to the district court seeking a reduced sentence.

(b) **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

     Yes ☐     No ☑

   (2) If you did not raise this issue in your direct appeal, explain why:

   This is an ineffective assistance of counsel claim that did not need to be raised on appeal to preserve it.

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

     Yes ☐     No ☑

   (2) If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed:

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?

     Yes ☐     No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

     Yes ☐     No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

     Yes ☐     No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):    _____

Date of the court's decision:    _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:**   Mr. Taylor Seeks Resentencing based on the Change in His Criminal History, as His Third Ground for Relief is Not a Collateral "Attack" of His Sentence, the Miscarriage [cont.]

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

of Justice Exception Applies under these Circumstances, and/or the Sixth Circuit's Ruling in Jimenez should be Overturned.

Mr. Taylor may seek a reduced sentence based on U.S. Supreme Court case law including Johnson, Custis and Daniels, based on the orders expunging certain prior convictions, which change his criminal history and lower his advisory guidelines range. He submits that his waiver is not a "collateral attack waiver," or if it is, it should be stricken as a result of the ineffective assistance of counsel. But in the alternative he also submits that the manifest injustice doctrine can apply generally to this type of circumstance, it applies to his case under his circumstances, that the Jimenez case does not apply to block that decision and, if it is interpreted to do so, that decision conflicts with U.S. Supreme Court case law and must be overturned.

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

This is an ineffective assistance of counsel claim that did not need to be raised on appeal to preserve it.

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

  Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

  Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

  Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No ground in this motion was previously presented in any federal court.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At the preliminary hearing:

(b)  At the arraignment and plea:
Nicholas Albert Nash and B. Burl McCoy, 129 W. Short Street, Lexington, KY 40507

(c)  At the trial:
N/A

(d)  At sentencing:
Matthew Wayne Boyd, 155 E. Main Street, Suite 220, Lexington, KY 40507

(e)  On appeal:
Joseph A. Almeida, 118 McDowell Avenue, Steubenville, OH 43952

(f)  In any post-conviction proceeding:
N/A prior to this filing

(g)  On appeal from any ruling against you in a post-conviction proceeding:
N/A/

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐     No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐     No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b)  Give the date the other sentence was imposed: _____

(c)  Give the length of the other sentence: _____

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐     No ☐

AO 243 (Rev. 09/17)

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion is filed within one year of the date Mr. Taylor's convictions became final.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

vacate sentence, set the matter for a new sentencing hearing, recalculate advisory guideline range and resentence Mr. Taylor to a reduced sentence, strike the collateral waiver if needed, vacate the guilty plea only if needed,

or any other relief to which movant may be entitled.

_____/s/ Jeffrey M. Brandt_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.
(month, date, year)

Executed (signed) on _____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.